# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>Plaintiff,<br><br>v.<br><br>GORDON R. BRUMMELL, et al.,<br><br>Defendants. | Case No.: 15cv2601-MMA (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>[Doc. No. 12] |

On May 2, 2016, the Court entered default judgment in favor of Plaintiff J&J Sports Productions, Inc. and against Defendants Gordon R. Brummell, individually and doing business as MJ's Bar & Grill, and Brummell and Associates, LLC. *See* Doc. No. 11. Plaintiff now moves for an award of attorney's fees and costs. *See* Doc. No. 12. The motion is unopposed. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## DISCUSSION

On November 19, 2015, Plaintiff filed suit against Defendants for alleged violation of the Federal Communications Act, 47 U.S.C. § 605 *et seq.*, which prohibits commercial establishments from intercepting and broadcasting satellite cable programming, and

1

violation of the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, which prohibits the unauthorized reception or interception of communications offered over a cable system. This action is one of many similar actions filed by Plaintiff in this and other courts, against defendant sports bars, stores, and other establishments who allegedly broadcasted pay-per-view sporting events illegally. On May 2, 2016, the Court entered default judgment against Defendants. *See* Doc. No. 11. The Court awarded Plaintiff $3000 in damages, comprised of Plaintiff's actual damages in the amount of $2,000.00, the licensing fee Defendants should have paid for the Program, plus $1,000.00 in statutory damages under 47 U.S.C. § 605. *Id.*

Reasonable attorney's fees and costs are recoverable by the prevailing party pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requests attorney's fees in the amount of $2,195.00 and costs in the amount of $1,050.00. However, Plaintiff does not provide sufficient support for his attorney's fees request, and he seeks reimbursement of pre-filing investigative expenses totaling $650.00, which other courts have declined to award. *See, e.g., J & J Sports Prods., Inc. v. Diaz*, No. 12-CV-1106, 2014 U.S. Dist. LEXIS 55858 (S.D. Cal. Apr. 18, 2014) (citing *J & J Sports Prods., Inc. v. Ortiz*, No. 12-CV-05766, 2014 U.S. Dist. LEXIS 39485 (N.D. Cal. Mar. 24, 2014)).

To determine reasonable attorney's fees, this Court must use the lodestar method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1152 n.4 (9th Cir. 2001) (internal citations omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). First, Plaintiff does not support his request for attorney's fees with contemporaneous billing records. *J & J Sports Prods., Inc. v. Napuri*, No. C 10-04171, 2013 U.S. Dist. LEXIS 116238, 2013 WL 4428573, at *2 (N.D. Cal. Aug. 15, 2013) ("Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff."). Second, Plaintiff does not demonstrate that the hourly rates requested are reasonable vis-à-vis the

rates charged in "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013).  Plaintiff provides only the unsupported declaration of counsel and the Laffey Matrix, which provides prevailing market rates in the District of Columbia.  *See* Riley Decl. ¶ 5, Ex. 2.  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Plaintiff has not met this burden and is therefore not entitled to an award of attorney's fees.

With respect to costs, Plaintiff requests a total award of $1,050.00, consisting of $650 in pre-filing investigative fees and the $400 filing fee required to institute this action.  Plaintiff provides no authority for the recovery of its investigative fees, and courts have refused to award pre-filing investigation fees to the prevailing party.  *See Diaz*, 2014 U.S. Dist. LEXIS 55858, at *9-10 (citing *Ortiz*, 20141 U.S. Dist. LEXIS 39485; *Napuri*, 2013 U.S. Dist. LEXIS 116238; *Joe Hand Promotions Inc. v. Piacente*, No. C-10-3429, 2011 U.S. Dist. LEXIS 60676 (N.D. Cal. Apr. 11, 2011); *J & J Sports Prods., Inc. v. Schrader Rest. Corp.*, 485 F. Supp. 2d 422, 424 (S.D.N.Y. 2007)).  Accordingly, the Court will award Plaintiff costs in the amount of $400 for reimbursement of the filing fee.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.  The Court awards Plaintiff $400 in costs.

**IT IS SO ORDERED**.

DATE: June 29, 2016

_____
HON. MICHAEL M. ANELLO
United States District Judge