1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No.:  15cv2601-MMA (MDD) |
| Plaintiff, | |
| | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| GORDON R. BRUMMELL, et al., | |
| Defendants. | [Doc. No. 15] |

18         On May 2, 2016, the Court entered default judgment in favor of Plaintiff J & J

19 Sports Productions, Inc. and against Defendants Gordon R. Brummell, individually and

20 doing business as MJ's Bar & Grill, and Brummell and Associates, LLC.  *See* Doc. No.

21 11.  Plaintiff subsequently moved for an award of attorney's fees and costs.  *See* Doc. No.

22 12.  The Court granted Plaintiff's motion in part, and awarded Plaintiff $400 in costs.

23 *See* Doc. No. 14.  Plaintiff now moves for reconsideration, seeking an award of attorney's

24 fees and additional costs.  *See* Doc. No. 15.  For the reasons set forth below, the Court

25 **DENIES** Plaintiff's motion.

26                                    <u>D</u>ISCUSSION

27         Plaintiff brought this action pursuant to the Federal Communications Act, 47

28 U.S.C. § 605 *et seq.*, which prohibits commercial establishments from intercepting and

1

broadcasting satellite cable programming, and violation of the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, which prohibits the unauthorized reception or interception of communications offered over a cable system. Reasonable attorney's fees and costs are recoverable by the prevailing party pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requested attorney's fees in the amount of $2,195.00 and costs in the amount of $1,050.00. However, Plaintiff did not provide sufficient support for his attorney's fees request, and he sought reimbursement of pre-filing investigative expenses totaling $650.00, which this Court declined to find a recoverable cost. As such, the Court awarded Plaintiff costs only, in the amount of $400. Plaintiff moves for reconsideration, arguing that the Court's denial of investigator fees as a recoverable cost was error. Plaintiff also requests that the Court reconsider awarding Plaintiff attorney's fees.

### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a judgment by motion. Fed. R. Civ. P. 59(e). A motion to reconsider a judgment under Rule 59(e) seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988). Rule 59(e) is an extraordinary remedy and, in the interest of finality and conservation of judicial resources, should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486-87 (2008).

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). To carry the burden of proof, a moving party seeking

reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court.  *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

 *2. Analysis*

 Plaintiff did not support his request for attorney's fees with contemporaneous billing records, and failed to demonstrate that the hourly rates requested are reasonable vis-à-vis the rates charged in "the forum in which the district court sits."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013).  Plaintiff acknowledges that there is no cure at this juncture for the failure to provide contemporaneous billing records.  Plaintiff does not assert that the Court erred in declining to award fees on this basis.  Nevertheless, Plaintiff requests reconsideration based on the fact that other courts have awarded attorney's fees in similar cases.  Plaintiff argues that the Court can fashion a reasonable hourly rate by looking to those cases and a newly filed declaration of counsel.  However, a motion for reconsideration "is not a vehicle for . . . taking a 'second bite at the apple.'"  *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  Plaintiff did not provide adequate support for the requested attorney's fees, and fails to set forth a proper ground for reconsideration.

 With respect to costs, the Court previously noted that Plaintiff provided no authority for the recovery of its investigative fees, and courts have refused to award pre-filing investigation fees to the prevailing party.  Plaintiff concedes that it failed to present any authority for an award of investigative fees in its original moving papers.  Plaintiff cites to several cases in which the court found investigative fees recoverable.  Two of the cases are out of circuit, and the third case provides no legal support for its determination.  Meanwhile, as the Court previously noted, district courts in California continue to conclude that a plaintiff in this type of case should not recover investigative fees, particularly when the request for fees is insufficiently supported.  The Court did not err in reaching a similar conclusion in this case.

///

15cv2601-MMA (MDD)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Having reviewed its previous ruling, the Court is satisfied that it committed no error.  Plaintiff has not provided any newly discovered evidence.  Additionally, there has been no intervening change in controlling law.  Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

DATE: September 2, 2016

HON. MICHAEL M. ANELLO
United States District Judge

4